McBRIDE, Judge.
Relators, who own Lots 381-A and 382-A in Square 20 of Carolyn Park Subdivision, Extension No. 2, St. Bernard Parish, which they acquired on April 6, 1960, from Carolyn Park, Inc., the subdivider, applied to the Parish Engineer of said parish for a permit to construct a two-family dwelling on said property, which application, in proper form, was accompanied by a plan of the proposed structure. Although the Parish Engineer approved the plan, he denied the permit, even without assigning reasons for such denial, and relators thereupon appealed to the Police Jury of St. Bernard Parish, which on April 4, 1961, declined to order the issuance of a permit with the comment: “The restrictions in that Subdivision calls for single dwellings. * * * ”
This mandamus suit ensued; relators are endeavoring thereby to force the Parish Engineer and the Police Jury to issue the permit for their proposed dwelling. The usual alternative writ of mandamus was issued and a return day was set; after hearing, the trial judge annulled the alternative writ and dismissed relators’ demands, and they have appealed.
The respondents filed no formal answer; Carolyn Park Civic & Improvement Association was permitted to enter the case as amicus curiae.
The respondents’ position is that the refusal of the Parish Engineer and the Police Jury to issue a permit is justified because when the Police Jury approved the plan of subdivision, there was not printed thereon the restrictive covenants in accordance with an ordinance of the Police Jury adopted September 5, 1956, which requires the printing on the subdivision plan or plot of all restrictive covenants applying to lots in the subdivision. The contention of the amicus curiae is that the action of the Police Jury was not unlawful o.r capricious but, contrariwise, was a valid exercise of the discretionary powers granted to that body under the ordinances it adopted.
The actions of the Parish Engineer and the Police Jury were highly arbitrary. The issuance of the permit is not a discretionary matter, and it was their ministerial duty to have issued it. The denying of the permit to relators, we think, was based on personal considerations. Three members of the Police Jury testified, two stating that they voted to deny the permit because the residents in the subdivision “didn’t want double houses.” The third police juror tes *623 tified that he voted to deny the permit because he believed that Carolyn Park, Extension No. 2, should remain “a subdivision of single-family dwellings.”
There are certain restrictions applying to the lots, which we have examined, and not one of these limits buildings to single dwellings ; the erection of two-family dwellings is specifically permitted. True, these restrictions were never approved by the Police Jury, but this is simply because the subdivider did not encumber the subdivision with the restrictions until long after the Police Jury had approved the original plan of subdivision. The plan of subdivision was approved November 14, 1957, and the “Act of Protective Covenants” was not passed until March 30, 1960, and recorded in the mortgage records April 1, 1960. The ordinance does not provide that restrictions subsequently placed on the property composing the subdivision shall require Police Jury approval.
There are no zoning regulations pertaining to the property which relators own, nor is there any building restriction or covenant which prohibits the erection of a two-family dwelling such as relators desire to place on their lots. In the absence of such, these proprietors may do with their estate whatever they please so long as they do not make any work on it which will deprive their neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him. See LSA-C.C. art. 667.
The officials of St. Bernard Parish are without the slightest color of right to withhold from the relators the permit which they seek and the remedy of mandamus is available to them. See LSA-C.C.P. art. 3863.
Therefore, the judgment appealed from is reversed, and it is now ordered, adjudged and decreed that the alternative writ of mandamus be reinstated and made peremptory, and that the Parish Engineer and the Police Jury of the Parish of St. Bernard be commanded to forthwith issue unto relators a building permit for the construction of a two-family dwelling on their hereinabove-mentioned property, all in accordance with their application therefor and the plans which the Parish Engineer has approved. Respondents are cast for the costs for taking testimony in the trial court. See LSA-R.S. 13:4521.
Reversed and rendered.